Filing # 34259169 E-Filed 11/10/2015 09:16:50 AM

IN THE CIRCUIT COURT OF THE 5th JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

EVELYN GRADDY,

    Plaintiff,

vs.                                  Case No.:

WAL-MART STORES, INC., a Foreign
Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, EVELYN GRADDY ("Dr. Graddy" or "Plaintiff"), by and through her undersigned counsel, and files this Complaint against WAL-MART STORES, INC. ("Defendant" or "WM"), a Foreign Profit Corporation, and states as follows:

### PARTIES

1. Plaintiff is an adult individual who resides in Lake County, Florida.

2. Defendant is a Foreign Profit Corporation that operates and conducts business in, among others, Lake County, Florida, and is therefore within the jurisdiction of this Court.

### JURISDICTION AND VENUE

3. This is an action for damages exceeding $15,000.00, exclusive of attorneys' fees, interest and costs.

4. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Lake County, Florida.

Exhibit 1

5. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Lake County, Florida.

## STATEMENT OF FACTS

6. Dr. Graddy, a licensed pharmacist, worked in the Pharmacy Department for Defendant from July 30, 1998, until her unlawful termination on January 5, 2015.

7. Dr. Graddy's home store was in Leesburg, Florida, but she occasionally "floated" regionally at Defendant's request in order to provide pharmacist coverage for various of Defendant's stores.

8. In 2013 and 2014, Dr. Graddy wisely refused to fill questionable prescriptions for powerful narcotics on a handful of occasions.

9. In response, rather than applauding Dr. Graddy's wisdom in refusing to fill doubtful prescriptions, Dr. Graddy's District Manager, Tony Nation, who is not a licensed pharmacist, reprimanded Dr. Graddy for her sagacious decisions on those occasions.

10. On the night of November 20, 2014, Dr. Graddy caught a narcotic prescription, for Xanax, that had been called in fraudulently.

11. The same individual who called in the Xanax prescription discussed in ¶ 10, *supra*, had also called in doubtful hydrocodone prescriptions several times in the preceding months, a fact of which Dr. Graddy was keenly aware.

12. The prescribing physician, Dr. Rogers, asked Dr. Graddy to fill the prescription because his office had sent the investigating police detective, Robert Christman, to pick up the person who was buying the prescription. Dr. Rogers, in concert with the police, was trying to catch the malefactor.

2

Exhibit 1

13. Detective Christman, accompanied by WM security personnel, who had already been observing the suspect for shoplifting, came to the pharmacy that night and told Dr. Graddy that he would be sitting out front, that Dr. Graddy should sell the suspect the Xanax as Dr. Rogers had ordered, and that he and WM security were waiting to arrest the suspect.

14. Aware that refusal to cooperate would violate, *inter alia*, Fla. Stat. § 843.06, Dr. Graddy complied with Detective Christman's requests.

15. The following week, District Manager and non-pharmacist Nation approached Dr. Graddy while she was working and told her that she should not cooperate with law enforcement because it increased WM's chances of being sued.

16. Mr. Nation further advised that another non-pharmacist employed by WM, Jamey Miller in WM's regional human resources department, had instructed him to reprimand Dr. Graddy for her cooperation with the police.

17. Dr. Graddy immediately objected to Mr. Nation that the reprimand constituted an unlawful adverse employment action, and objected that WM's policy of non-cooperation with law enforcement violated, *inter alia*, Fla. Stat. § 843.06.

18. In retaliation for Dr. Graddy's objections to WM's unlawful actions, Mr. Nation unlawfully terminated Dr. Graddy's employment at that time.

19. After unlawfully terminating her employment, Mr. Nation boasted to Dr. Graddy that WM would memorialize its unlawful termination of her employment as resulting from her "filling a fraudulent prescription."

## COUNT I – FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

20. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-19 of the Complaint as if fully set forth herein.

21. In November of 2014, in violation of Fla. Stat. § 448.102, Defendant took adverse action against Plaintiff for her objections to Defendant's illegal behavior.

22. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

WHEREFORE, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including front pay and back pay, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed just and proper by this Court.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 9th day of November, 2015.

By: _____
Richard Celler, Esq.
Florida Bar No.: 0173370
Richard Celler Legal, P.A
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Richard@floridaovertimelawyer.com

5

Exhibit 1