**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

| | |
|---|---|
| EVELYN GRADDY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, LP )<br>)<br>)<br>Defendant. ) | CASE NO: 5:16-CV-00009-JA-PRL |

**DEFENDANT'S ANSWER AND STATEMENT**
**OF DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Wal-Mart Stores East, LP ("Walmart" or "Defendant"), through its undersigned counsel, hereby files its Answer and Statement of Defenses to Plaintiff's Amended Complaint, as follows:

**INTRODUCTION**

Plaintiff's contentions that Defendant violated laws, rules or regulations, or that she was terminated because she objected to and/or refused to participate in those alleged violations are patently false and vehemently denied. Plaintiff was terminated because of her participation in conduct in violation of Defendant's policies.

**PARTIES**

1. Defendant admits the allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendant admits, for jurisdictional purposes only, the allegations contained in Paragraph 2 of the Amended Complaint.

## JURISDICTION AND VENUE

3. Defendant admits, for jurisdictional purposes only, the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendant admits, for jurisdictional purposes only, the allegations contained in Paragraph 4 of the Amended Complaint.

5. Defendant admits, for jurisdictional purposes only, the allegations contained in Paragraph 5 of the Amended Complaint, but denies that it acted unlawfully or illegally thereby entitling Plaintiff to any relief whatsoever.

## STATEMENT OF FACTS

6. Defendant admits that Dr. Graddy was a licensed pharmacist and worked in various Pharmacy Departments for Defendant from July 30, 1988 until her termination effective on January 30, 2015.

7. Defendant admits that Plaintiff floated to pharmacies that needed coverage.

8. Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendant admits that on November 20, 2014, a prescription for Xanax was called in fraudulently.

11. Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 11 of the Amended Complaint, and, therefore, denies same.

-

12. Defendant is without knowledge as to why Plaintiff filled the fraudulent prescription in violation of Florida law and Defendant's policies, and, therefore, denies same.

13. Defendant is without knowledge as to what was said to Plaintiff on the night of November 20, 2014, and, therefore, denies same.

14. Defendant is without knowledge as what Plaintiff knew, and, therefore, denies same.

15. Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendant admits that it terminated Plaintiff's employment, but denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendant admits that Mr. Nation informed Plaintiff that Defendant was terminating her employment for filling a fraudulent prescription, but denies the remaining allegations contained in Paragraph 19 of the Amended Complaint.

## COUNT I – FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

20. Defendant realleges and incorporates its responses to Paragraphs 1 through 19 as though set forth fully herein.

21. Defendant admits that it terminated Plaintiff in November 2013, but denies the remaining allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Amended Complaint.

Unless expressly admitted herein, Defendant denies each and every allegation contained in the Amended Complaint.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiffs demand a trial by jury.

## STATEMENT OF DEFENSES

### FIRST DEFENSE

The Amended Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by their failure to satisfy all conditions precedent to bringing suit.

### THIRD DEFENSE

Plaintiff's claims and/or alleged damages are barred on the grounds that, if Defendant made any decisions concerning Plaintiff that were based, in part, on grounds of unlawful retaliation, which they were not, Defendant would have reached the same decision regardless of the alleged retaliation.

### FOURTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate her alleged damages.

**FIFTH DEFENSE**

Defendant has made good faith efforts to prevent unlawful discrimination/retaliation in the workplace and, thus, cannot be liable for the decisions of its agents or for punitive damages, to the extent the challenged employment decisions were contrary to Defendant's efforts to comply with anti-discrimination or anti-retaliation statutes.

**SIXTH DEFENSE**

Plaintiff's claims and/or claims for damages are barred because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory/retaliatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities or to otherwise avoid harm.

**SEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that discovery shows Plaintiff engaged in conduct during her employment, which if then known by Defendant, would have resulted in her termination of employment.

**EIGHTH DEFENSE**

Defendant reserves the right to amend or add defenses or claims that may become known during the course of discovery.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Amended Complaint, Defendant respectfully requests that:

1. Plaintiff's claims be dismissed with prejudice in their entirety;

2. Plaintiff's claims for punitive damages be stricken;

3. Each and every prayer for relief in Plaintiff's Amended Complaint be denied;

4. Judgment be entered in favor of Defendant;

5.      All costs and reasonable attorneys' fees be awarded to Defendant and against Plaintiff; and

6.      This Court grant Defendant such other and further relief, as it deems just and appropriate.

This 25th day of March, 2016.            Respectfully submitted,

                                      LITTLER MENDELSON, P.C.
*Counsel for Defendant*
Wells Fargo Center, Suite 2700
333 S.E. 2nd Avenue
Miami, Florida  33131-2187
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552


By: s/*Jonathan A. Beckerman*
    Jonathan A. Beckerman
    Florida Bar No. 568252
    E-mail: jabeckerman@littler.com
    Nicholas S. Andrews
    Florida Bar No. 105699
    E-mail: nandrews@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jonathan A. Beckerman*
Jonathan A. Beckerman

## SERVICE LIST

**Plaintiff Counsel**

Richard B. Celler, Esq.
Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: 866-344-924
E-mail: Richard@floridaovertimelawyer.com
Sent via CM/ECF

Firmwide:137912379.4 080000.1141

-