UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:16-CV-00009-JA-PRL

EVELYN GRADDY,

       Plaintiff,

vs.

WAL-MART STORES EAST, LP,

       Defendant.

_____/

## DEFENDANT'S MOTION *IN LIMINE*

Pursuant to Fed. R. Evid. 401-403, 408, 701, and 702, and this Court's Case Management and Scheduling Order (Doc. No. 14), Defendant WAL-MART STORES EAST L.P. ("Walmart" or "Defendant") files this Motion in Limine to exclude any evidence, testimony, exhibits, questions, commentary, references, statements, and arguments at trial concerning:

(1)      Walmart's financial condition, net worth, income, wealth, or financial performance, and its ability to pay damages;

(2)      Any other lawsuits or charges against Walmart asserting claims for violations of Florida's Whistleblower Act, as well as any associated settlements;

(3)      Any evidence related to any prior law enforcement investigations and/or "sting operations" outside of the operation at issue in the lawsuit; and

(4)      Any lay opinion regarding the applicability of Florida and federal law regarding medication dispensation.

To the extent Defendant's motion is granted in whole or in part, Defendant further moves that the Court order all counsel to advise their witnesses of the Court's ruling so that no witness will inadvertently violate the Court's Order.

## I.      PROCEDURAL HISTORY

On March 16, 2016, Plaintiff filed the operative amended complaint (the "Amended Complaint") (Doc. Nos. 16 & 18).  The Amended Complaint asserts a single claim against Walmart for violation of Florida's Whistleblower Act, Florida Statutes section 448.102 ("FWA"). On March 25, 2016, Defendant filed its Answer and Statement of Affirmative Defenses to Plaintiff's Amended Complaint (Doc. No. 19). On November 1, 2016, Defendant filed a Motion for Summary Judgment (Doc. No. 24) that has been fully briefed (Doc. Nos. 25, 36, 37) and is pending before this Court.  In the event that the Motion for Summary Judgment is not granted in full, pursuant to this Court's Order, this case is set for trial on April 3, 2017.  (Doc. No. 14).

## II.     DISCUSSION

### A.      Legal Standard for Motions *In Limine.*

A federal district court has the authority to make *in limine* rulings pursuant to its "inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  "A motion *in limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial . . . ."  *Amegy Bank Nat'l Ass'n v. DB Private Wealth Mortg., Ltd.*, Case No. 2:12-cv-243-FtM-38CM, 2014 U.S. Dist. LEXIS 22734, *2 (M.D. Fla. Feb. 24, 2014) (citations omitted).

A motion *in limine* "aid[s] the trial process by enabling the Court to rule in advance

of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, Case No. 09-61490-Civ, 2011 U.S. Dist. LEXIS 62969, *2 (S.D. Fla. June 7, 2011) (internal quotations and citations omitted); *see also Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) ("Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose.") (citation omitted).  It also "give[s] the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, Case No. 10-22153-Civ-SCOLA, 2013 U.S. Dist. LEXIS 26890, *3 (S.D. Fla. 2013) (quoting *Stewart v. Hooters of Am., Inc.*, Case No. 8:04-cv-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44056 (M.D. Fla. June 18, 2007)).

> **B.**    **Evidence Regarding Walmart's Financial Condition, Net Worth, Income, Wealth and Financial Performance, and the Comparative Financial Status and Resources of the Parties, Should Be Excluded.**

"The general rule is that, during trial, 'no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's.'" *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) (internal citation omitted); *Pandora Jewelers 1995, Inc.*, 2011 U.S. Dist. LEXIS 62969 at *34-35 (quoting *Brough*); *see also Shaps v. Provident Life & Acc. Ins. Co.*, 244 F.3d 876, 886 (11th Cir. 2001) ("a jury should not be advised about the wealth or poverty of the parties.") (citing *Warren v. Ford Motor Credit Co.*, 693 F.2d 1373, 1378 (11th Cir. 1982)); *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983) ("As a general rule, it is error to admit evidence

of a party's financial condition unless necessary to determine the damages sustained.") (internal citation omitted); *Amegy Bank Nat'l Ass'n*, 2014 U.S. Dist. LEXIS 22734, at *8; *Rush Univ. Med. Ctr. v. Minn. Mining & Mfg. Co.*, Case No. 04 C 6878, 2009 U.S. Dist. LEXIS 91189, *8 (N.D. Ill. Oct. 1, 2009) ("courts often recognize that the issue of the finances of a party can distract the jury from the real issues in the case.") (citations omitted).

Commentary on Defendant's financial condition or comparative resources of the parties creates a danger of unfair prejudice, confusion of the issues, and misleading the jury that substantially outweighs any probative value. The Supreme Court has observed that "presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses." *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994)); *Whittenburg v. Werner Enters. Inc.*, 561 F.3d 1122, 1130 n.1 (10th Cir. 2009) (trial comments regarding the wealth of a party "have repeatedly and unequivocally been held highly prejudicial, and often alone have warranted reversal."); *Chin v. Caiaffa*, 42 So. 3d 300, 308 (Fla. 3d Dist. Ct. App. 2010) (general rule in Florida is that no reference may be made to the wealth or poverty of a party during the course of the trial) (collecting Florida state court cases). There plainly exists a "danger that jurors may be influenced by evidence of a party's wealth or poverty and therefore sympathize with the financially stricken party." *State Farm Mut. Auto. Ins. Co. v. Revuelta*, 901 So. 2d 377, 380 (Fla. 3d Dist. Ct. App. 2005); *see also Seimon v. S. Pac. Transp. Co.*, 136 Cal. Rptr. 787, 790 (Cal. App. 1977) (attempts by counsel to characterize plaintiff as a "little guy" in a battle against a "big guy" defendant were "clearly…improper.").

To allow such evidence to be submitted would unduly prejudice parties with assets

and undermines "the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (*citing Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (a defendant's ability to pay damages may infect the determination of liability with "a foreign, diverting and distracting issue which may effectuate a prejudicial result").

Plaintiff should not be permitted to attempt to divert the jury's attention from the narrow and straightforward issues raised in her pleadings by introducing information regarding Walmart's financial condition, net worth, income, wealth, financial performance, or its ability to pay damages. Any evidence concerning Defendant's financial condition is not probative of these ultimate issues. Rule 403 is specifically designed to prevent the introduction of testimony likely to lead the jury to decide the case on an improper basis, and the danger of having the case decided on completely irrelevant grounds would be increased, without any other legitimate purpose, if evidence related to Walmart's financial condition, net worth, income, wealth, or financial performance, and its ability to pay damages were admitted. Accordingly, such evidence should be excluded.

**C.    Exclusion of Any Reference, Argument, or Evidence Relating To Other Lawsuits, Charges, or Settlements Involving Walmart.**

Defendant anticipates that Plaintiff may also attempt to introduce evidence relating to other lawsuits, charges, and associated settlements involving Walmart in order to show prior-related wrongdoing on behalf of Defendant. Walmart requests that this Court bar this evidence pursuant to Federal Rules of Evidence, 401, 402, 403 and 408.

1.   **Evidence of Other Lawsuits, Charges and/or Settlements, and Any Reference Thereto, Should Be Excluded Pursuant to Fed. R. Evid. 401 and 402 Because Such Evidence Is Irrelevant to Any Issue.**

Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is deemed relevant if "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Similarly, Rule 402 simply states that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Therefore, evidence of other lawsuits, charges, or prior settlements involving Walmart is inadmissible on general relevancy grounds.

Here, the issue for the jury to decide at trial is whether the Plaintiff was discharged based on her alleged whistleblowing activities.  In order to be relevant to this case, the evidence must concern whether (1) Plaintiff engaged in statutorily protected activity; (2) Plaintiff suffered a materially adverse employment action; and (3) Walmart took such action based on Plaintiff's protected activity.  The purported conduct as it relates to other litigation and the settlement of the same does not have any tendency to either support or refute any fact that concerns the factual questions that must be proved as to Plaintiff.  *See Nall v. Mal-Motels, Inc.*, Case No. 6:10-cv-464-ORL-28GJK, 2013 U.S. Dist. LEXIS 171208, **2-3 (M.D. Fla. Dec. 4, 2013) (holding that settlements reached prior to trial do not bear on the issues to be decided by the jury). Accordingly, all evidence of prior settlements is irrelevant and inadmissible.

2.   **Evidence of Other Lawsuits, Charges or Settlements Are Alternatively Inadmissible Under Fed. R. Evid. 403 Because Such Evidence Is Prejudicial, Confusing, and Misleading.**

Evidence of other lawsuits, charges and/or settlements involving Walmart is

irrelevant and inadmissible as evidence at trial. And even if other lawsuits, charges and/or settlements involving Walmart were minimally relevant, which they are not, they must be excluded where"[their] probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403. "Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance."  *U.S. v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985).

"Testimony merely intended to bolster a party's case is more easily excluded under Rule 403 than testimony that forms a critical part of that case."  *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014) (internal citation omitted).  "The issue of jury confusion can arise in cases where evidence is being offered to prove a collateral issue, *i.e.*, when its admission would lead to litigation of collateral issues, thereby creating a side issue which might detract the jury from the main issues."  *Dow Corning Corp. v. Weather Shield Mfg., Inc.*, 09-10429, 2011 U.S. Dist. LEXIS 111419, *6 (Sept. 29, 2011) (internal citations and quotations omitted); *see also Anderson v. WBMG-42*, 253 F.3d 561, 567 (11th Cir. 2001), *overruled in non-relevant part by Stone & Webster Constr., Inc. v. U.S. Dep't of Labor*, 684 F.3d 1127, 1135 (11th Cir. 2012) ("To have permitted a lengthy examination and perhaps lengthier rebuttal . . . would have in effect generated a mini-trial on collateral issues" which would not relate to plaintiff's claim); *In re Seroquel Prods. Liab. Litig.*, Case No. 6:06-md-1769-Orl-22DAB, 2009 U.S. Dist. LEXIS 124798, *284-85 (M.D. Fla. Jan. 30, 2009) (excluding evidence that would "inject a collateral issue" into trial); *Williams v.*

*Consol. City of Jacksonville*, Case No. 3:00-cv-469-J-32TEM, 2006 U.S. Dist. LEXIS 8257, *28-29 (M.D. Fla. Feb. 8, 2006) (finding other litigation was "a collateral matter, which could confuse the issues, mislead the jury, and lead to a mini-trial on collateral issues causing undue delay in the trial of this case") (citing *Anderson*).

If the Court admitted evidence of other lawsuits, charges and settlements involving Walmart to the jury, such evidence would confuse the issues and mislead the jury by suggesting that a judge or jury found Defendant liable for violations of Florida's Whistleblower Act in other litigation or that the Defendant only settled in those prior cases because it believed it had violated the Whistleblower Act.

Indeed, in order to avoid this conclusion by the jurors, Defendant would be compelled to present needless counter evidence to show that it did not violate the Whistleblower Act in other cases. This would inevitably confuse the jury, unnecessarily prolong the trial, and create a trial within a trial on this collateral issue. Numerous courts have held that evidence of other lawsuits, charges or settlements constituted unfair prejudice and were deemed inadmissible. *See e.g., Royal Marco Point 1 Condo. Ass'n, Inc. v. QBE Ins. Corp.*, Case No. 2:07-CV-16-FTM-99SPC, 2011 U.S. Dist. LEXIS 14521, *15 (M.D. Fla. Feb. 2, 2011) ("The Court grants the Motion [*In Limine*] as the settlements reached in other cases is prejudicial and would require re-litigating those other claims."); *see also Soller v. Moore*, 84 F.3d 964, 967-68 (7th Cir. 1996) (affirming district court's decision granting defendant's motion *in limine* to exclude evidence of a previous incident involving defendant that was "strikingly similar" to the current lawsuit, reasoning that allowing this evidence would have unnecessarily created a "trial within a trial"); *Wyatt v. Sec. Inn Food and Beverage, Inc.*, 819 F.2d 69, 71 (4th Cir. 1987)

(affirming the district court's exclusion of prior settlements and stating that even if the evidence was minimally, if at all, relevant, the potential confusion of the issues for the jury would be considerable); *In re Southeastern Milk Antitrust Litig.*, Case No. 2:07-CV 208, 2011 U.S. Dist. LEXIS 85025, *9 (E.D. Tenn. Aug. 1, 2011); *Eichler v. Riddell, Inc.*, Case No. 95 C 3782, 1997 U.S. Dist. LEXIS 547, *12 (N.D. Ill. Jan. 10, 1997).

### 3.    Evidence of Prior or Concurrent Settlements Is Also Protected from Admission Pursuant to Fed. R. Evid. 408.

Rule 408 of the Federal Rules of Evidence also expressly excludes evidence of prior or concurrent settlements involving Walmart.  The relevant portion of the Rule states:

> (a)     Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
> (1)  furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2)     conduct or a statement made during compromise negotiations about the claim…

Fed. R. Evid. 408.  Accordingly, Rule 408 expressly prohibits settlements when they are introduced in an effort to prove a party's liability for the underlying claim.  *See Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1042 (11th Cir. 1986) ("Well established case law and the Federal Rules of Evidence prohibit the introduction of settlements or settlement negotiations into evidence to prove liability."); *Wajcman v. Inv. Corp of Palm Beach*, Case No. 07-80912-Civ-Hopkins, 2009 U.S. Dist. LEXIS 16869, *4-5 (S.D. Fla. Feb. 23, 2009) (excluding settlements involving different defendants but similar tip-pooling claims as in the case at hand).

Federal courts have likewise emphasized the importance of this rule when

considering the admission of other settlements as evidence in the instant action. Indeed, as a matter of policy, the judicial system seeks to encourage parties to settle cases without fear that their settlements will be used against them in subsequent proceedings. *See King v. Cessna Aircraft Co.*, Case No. 03-20482-CIV-MORENO/TORRES, 2010 U.S. Dist. LEXIS 53585, *19 (S.D. Fla. May 6, 2010) ("The purpose of [Rule 408] is to encourage settlements and compromises of disputed claims that would be discouraged if such evidence were admissible.") (internal citation omitted); *Scaramuzzo v. Glenmore Distilleries, Co.*, 501 F. Supp. 727, 733 (N.D. Ill. 1980) ("Though [Rule 408] does not appear to go directly to the question of whether a plaintiff may introduce evidence regarding defendant's settlement of other similar cases, the same strong public policy favoring out-of-court settlement that underlies Rule 408 is nonetheless applicable.").

Here, it is likely that Plaintiff will attempt to introduce evidence of settlements involving Walmart to prove liability in the instant action. The Court should find that these settlements are inadmissible. *See Royal Marco*, 2011 U.S. Dist. LEXIS 14521, at *15 (granting defendant's motion *in limine* to prohibit evidence of settlements involving the defendant in other cases to show liability); *Sears v. PHP of Ala., Inc.*, Case No. 2:05-CV-304-ID, 2006 U.S. Dist. LEXIS 46523, **4-5 (M.D. Ala. May 5, 2006) (same). Accordingly, any attempt by Plaintiff to argue or introduce evidence of other Walmart settlements should be excluded and deemed inadmissible.

To the extent that Plaintiff attempts to argue that Defendant's prior settlements are not being introduced to show liability, but are being offered to prove that Defendant's prior settlements demonstrate a practice of discrimination against employees based on alleged

whistleblowing activities, such arguments should be rejected.  Federal courts have found that Rule 408 prohibits settlements and/or negotiations to compromise to demonstrate that a defendant maintained a policy that affects the instant plaintiff. *See, e.g.*, *Green v. Baca*, 226 F.R.D. 624, 640-41 (C.D. Cal. 2005) (holding that prior settlements are subject to exclusion pursuant to Rule 408 and rejecting the plaintiff's argument that the settlements will be used to show that the defendant maintained a policy of over-detaining inmates).

Therefore, the Court should exclude any evidence, argument, or reference to any other lawsuits, charges or settlement agreements against Walmart.  Additionally, this Court should bar counsel, the parties, and witnesses from mentioning, directly or indirectly, any statements, declarations or utterances, and/or to introduce, or attempt to introduce, any evidence concerning the background and payment of money with respect to any prior or current lawsuits, charges or settlements involving Walmart.

**D.     Evidence Regarding Unrelated Law Enforcement Investigations or "Sting Operations" Should Be Excluded.**

Defendant also moves this Court to exclude proposed evidence of unrelated and irrelevant law enforcement investigations and enforcement operations, such as "sting operations." As noted herein, Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Federal Rule of Evidence 401 defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.

As noted in the Advisory Committee's Note to Rule 401, "relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item

of evidence and a matter properly provable in the case." Here, there is no relation between the matters at issue and any law enforcement operation or investigation other than the investigation at issue in this case. Further, admissibility of such evidence risks the danger of causing "unfair prejudice, confusion of the issues, [or] misleading the jury" under Fed. R. Evid. 403. Therefore, the Court should exclude any evidence, argument, or reference to any prior settlement agreements against Walmart, and the Court should bar counsel, the parties, and witnesses from mentioning, directly or indirectly, any statements, declarations or utterances, and/or to introduce, or attempt to introduce, any evidence concerning law enforcement investigations and enforcement operations, such as "sting operations," other than the investigation at issue in this case.

      **E.**      **Lay Opinion Evidence Regarding The Applicability of Florida and Federal Law On Dispensing Medication Should Be Excluded.**

Defendant also asks this Court to exclude proposed lay opinion evidence regarding the applicability of Florida or federal law on dispensing mediation. Such lay opinion should be excluded pursuant to Federal Rule of Evidence 701, which provides that: "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Florida and federal law regarding medication dispensation is not a subject within lay witnesses' common knowledge and as such, testimony from lay witnesses on this subject should be excluded. Similarly, whether Plaintiff's dispensation of medication in this case was in fact unlawful calls for a legal conclusion, not factual information within a witness' personal knowledge.

Such lay witness opinion testimony is not permitted by Rule 701. *See Town of Palm Beach v. Palm Beach Cnty.*, 460 So. 2d 879, 882 (Fla. 1984) ("If the witness' conclusion tells the trier of fact how to decide the case, and does not assist it in determining what has occurred, then it is inadmissible.").

Further, lay witnesses may not testify to legal conclusions. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) ("A witness . . . may not testify to the legal implications of conduct; the [district] court must be the jury's only source of law."); *St. Cyr v. Flying J Inc.*, Case No. 3:06-cv-13-J-33TEM, 2008 U.S. Dist. LEXIS 107653, *23 (M.D. Fla. Jun. 29, 2008). Here, asking lay witnesses whether Plaintiff's dispensation of medication in this case violated Florida or federal law squarely calls for a legal conclusion, and is therefore impermissible.

Additionally, permitting a lay witness without special knowledge to testify as to the legality of medication dispensation is irrelevant and not helpful to the jury and must be excluded under Rule 402. Finally, under Rule 403, this Court should exclude such lay witness opinion because the probative value is outweighed by the risk of prejudice or misleading of the jury.   Fed. R. Evid. 403. Admitting such testimony would also unduly prejudice Walmart, because it would allow Plaintiff to improperly bootstrap lay witnesses' interpretations of whether such medication dispensation was lawful to support her claim that she was retaliated against for allegedly cooperating with law enforcement. Such evidence involves the danger of both undue prejudice and time-wasting confusion of issues, and should accordingly be held inadmissible. Fed. R. Evid. 403.

<u>Certificate of Conferral</u>

Pursuant to M.D. Fla. Local Rule 3.01(g), Defendant's counsel has conferred with Plaintiffs' counsel regarding this motion. Plaintiff's counsel does not oppose Sections B and C of Defendant's motion. Plaintiff's counsel also does not oppose Section D, but stated that Plaintiff may attempt to present evidence of witness Agent William Christman's prior interactions with the subject store regarding the perpetrator of the prescription fraud which forms the backdrop for the issues in this case. Plaintiff's counsel opposes the remainder of this motion (i.e., Section E).

Respectfully submitted, this 10th day of February, 2017.

*/s/ Jonathan A. Beckerman*
Jonathan A. Beckerman
Florida Bar No. 0568252
E-mail:  jabeckerman@littler.com
**LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, FL  33131
Tel:  (305) 400-7500
Fax:  (305) 603-2552

Counsel for Defendant Wal-Mart
Stores East, L.P.

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 10th day of February, 2017, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system, which will

provide notice of the same to all counsel of record:

Richard Cellar, Esq.
Email: Richard@floridaovertimelawyer.com
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Counsel for Plaintiff

*/s/Jonathan A. Beckerman*
Jonathan A. Beckerman
Counsel for Defendant

Firmwide:145548312.3 080000.1141

15