UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**EVELYN GRADDY,**

    Plaintiff,

v.                                                                      Case No: 5:16-cv-9-Oc-28PRL

**WAL-MART STORES EAST, LP**

    Defendant.

## ORDER

Earlier this year the Court granted Defendant's motion for summary judgment as to Plaintiff's sole claim for violation of Florida's whistleblower act and judgment was entered accordingly. (Docs. 39, 40). Defendant, as the purported prevailing party, then moved for taxation of costs against Plaintiff under 28 U.S.C. § 1920. (Doc. 41). That motion has been referred to me.

But instead of responding in opposition to the motion for costs, Plaintiff has now moved to stay Defendant's motion. (Doc. 43). This motion for a stay is also referred to me and is based on Plaintiff's appeal of the judgment against her (Doc. 42), and the notion that a stay will be efficient here because "[t]o the extent that Plaintiff succeeds on her appeal at the Eleventh Circuit Court of Appeals, any ruling on Defendant's Motion to Tax Costs, would become null, resulting in a waste of the parties' and this Court's resources in addressing same at this time." (Doc. 43 at p.2). Most notably, Plaintiff represents that Defendant consents to the stay.

Generally speaking, the Court's regular practice "is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh

- 2 -

Circuit." *King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 08-23350-CIV, 2010 WL 3212091, at *1 (S.D. Fla. Aug. 12, 2010). That said, "[t]he exception to this practice occurs when both parties are in agreement to stay the issue pending appeal, which often (though not always) results in a stay being entered at the parties' request." *Id.* at *1, n.2.

Given the parties' agreement to stay the issue of the taxation of costs, Plaintiff's unopposed motion (Doc. 43) is **GRANTED**. The Court will defer ruling on the issue of taxation of costs until resolution of the appeal. It shall be the obligation of both parties, within ten days of the resolution of the appeal, to file an appropriate motion, if necessary, to dissolve the stay and reopen the motion for costs.[1] The **CLERK** is directed to **TERMINATE** the motion for costs (Doc. 41).

**DONE** and **ORDERED** in Ocala, Florida on March 17, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The parties should note that the filing of a *motion*, as opposed to a notice or other document, is *required* in order to trigger the Court's attention to the matter on the docket. The Court will not dissolve the stay on the motion for costs and initiate any further action on it in the absence of a new motion by the parties to do so.